THE CHICAGO UNION TRACTION COMPANY

*v.*

EDWARD REUTER.

*Opinion filed June 23, 1904.*

INSTRUCTIONS—*court is not bound to reiterate principles of law.* It is not error to refuse to give an instruction attempting to cover the points contained in several instructions already given.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

A. L. GETTYS, and WILLIAM PRENTISS, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an action on the case by Edward Reuter, against the Chicago Union Traction Company, to recover damages for personal injuries alleged to have been received by the plaintiff while he was a passenger upon one of the defendant's street cars.

The declaration alleged that the defendant was in the operation of a certain line of street railway on Milwaukee avenue, in the city of Chicago; that the defendant received the plaintiff upon one of its cars as a passenger, and that the defendant so carelessly, negligently and improperly managed its car that the car ran into and collided with a certain wagon, whereby the plaintiff was injured. There was a plea of the general issue.

The evidence showed that the accident out of which the suit arose occurred April 19, 1901, some time between four and five o'clock in the afternoon. The plaintiff was riding on a Milwaukee avenue grip-car coming down town. He was sitting in a side seat conversing with a friend, and when the car reached the corner of Division street it collided with a wagon in such a way that the plaintiff was struck by the wagon, breaking his right leg and two of his ribs.

The evidence was conflicting and the case was submitted to a jury. The plaintiff obtained a judgment for $2000, which judgment was affirmed by the Appellate Court for the First District, and the defendant now brings the case to this court on further appeal, relying for a reversal upon alleged errors of the court in refusing, on its behalf, the following instructions:

9. "The court instructs the jury that the mere happening of the accident, together with the proof of the exercise of ordinary care by the plaintiff, does not raise a presumption of negligence on the part of the defendant. The court further instructs the jury that the burden of proof is not upon the defendant to show that it is not

guilty of the specific negligence charged in the declaration, or some count thereof, but the burden is upon the plaintiff to prove that the said defendant was guilty of such negligence, and this rule, as to the burden of proof, is binding in law and must govern the jury in deciding this case.   The jury have no right to disregard said rule or to adopt any other in lieu thereof, but in weighing the evidence and coming to a verdict the jury should apply said rule and adhere strictly to it.   No presumption that the defendant was negligent arises from the mere fact that the accident happened.

15.  "The court instructs the jury that if they believe, from the evidence, that the grip-car in question was suddenly and without negligence on the part of the defendant's servants placed in a position of danger, then, in order to charge the defendant with a duty to avoid injuring the persons on the said grip-car, the plaintiff must show, by the greater weight of the evidence, that the circumstances were such that the gripman had time and opportunity, by the exercise of the highest degree of practicable care on his part, to become conscious of the facts giving rise to such duty, and further, that he had a reasonable opportunity to perform said duty.   And if the jury further believe, from the evidence, that the circumstances as shown by the evidence did not charge the defendant with a duty as thus defined, or if the jury believe, from the evidence, that said gripman did not have a reasonable opportunity to perform, by the exercise of the highest degree of practicable care on his part, such duty as thus defined, then they should find the defendant not guilty.

17.  "The jury are instructed that the plaintiff cannot recover in this case against the defendant company unless the jury unanimously believe that the plaintiff has proved, by a preponderance of the evidence, the following propositions:   First, that the injury of which the plaintiff now complains was not brought about or proxi-

mately contributed to by any failure on his part to exercise ordinary care for his own safety at and just prior to the time of the accident in question; second, that the defendant company was guilty of negligence in the manner charged in the declaration, or in some count thereof; and third, that such negligence, if any, was the proximate, direct cause of the plaintiff's injuries in question. And if you find, from the evidence, that the plaintiff has failed to prove, by a preponderance of the evidence, these propositions as stated, or that he has failed so to prove any one of them, he cannot recover against said defendant company, and you should find defendant not guilty."

In our judgment the material points contained in the refused instructions were given in other instructions, hence the errors assigned are not well taken.

The ninth instruction above set forth tells the jury that the mere happening of the accident raises no presumption of defendant's negligence, and that the burden of establishing negligence on the part of the defendant is upon the plaintiff. By the defendant's second given instruction the jury were told that if they found that the negligence of the driver of the wagon was the sole cause of the injury the defendant was not guilty. By the fourth instruction the jury were told that if the injury was the result of a mere accident and without the negligence of defendant, as charged in the declaration, the defendant was not guilty. By the seventh instruction the jury were told "that unless they believe and find, from a preponderance of the evidence in the case, that the defendant did, in fact, so negligently run or operate its said road or grip-car and trailers that by reason of such negligence the car in which plaintiff was being carried did, in fact, collide with the alleged wagon, and thereby the plaintiff was struck against the car on which he was riding," they should find the defendant not guilty. By the tenth instruction the jury were told that if they believed, from the evidence, that the defendant's gripman did all he

could, consistent with the practical operation of its railway, to prevent the collision in question, then the defendant was not guilty. By these and other instructions the jury were informed that the plaintiff, in order to recover, must prove, to the satisfaction of the jury, by positive and preponderating testimony, the negligence of the defendant in order to effect a recovery, hence we cannot conceive how the defendant was injured by the refusal of said ninth instruction.

By the fifteenth refused instruction above set forth the jury were simply told that in order for plaintiff to recover he must show, by the greater weight of the evidence, that defendant's gripman, by the exercise of the highest degree of practicable care on his part, had time and opportunity, after the grip-car was placed in a position of danger, to render him conscious of such fact and to realize his duty to avoid danger to passengers and reasonable opportunity to do so. We perceive no substantial difference in this charge and that contained in the thirteenth and fourteenth modified instructions given for defendant. In the thirteenth it is said: "If the jury further believe, from the evidence, that the gripman of this car could not have prevented the said horses and wagon running into said car by the exercise of the highest degree of care and caution reasonably consistent with the practical operation of said car, then the jury must find the defendant not guilty." And in the fourteenth instruction it is said: "If the jury further believe, from the evidence in the case, that said cable train was brought to a standstill as soon as the said gripman could do so by the exercise of the highest degree of care consistent with the practical operation of the defendant's railroad, then the court instructs the jury to find defendant not guilty." We think said thirteenth and fourteenth instructions sufficiently covered the refused instruction in question to preclude any possibility of injury to appellant because of the refusal of the court to give said instruction.

The seventeenth instruction, it is conceded by appellant, was covered by other instructions given, but appellant insists it was error not to allow it to compress into a single instruction, such as said seventeenth, all the points admittedly contained in a number of others. The court was not bound to reiterate principles of law in every form and manner sought by counsel. The court had in this case limited the number of instructions to be given by each side to fifteen. Nevertheless the court permitted a number of instructions to be given by the defendant in excess of the limitation, and no proper instruction seems to have been denied because of the limitation, and for the reasons above set forth we perceive no error in the refusal of said seventeenth instruction.

No other errors are urged than' those above mentioned, and which, in our judgment, are insufficient to justify a reversal.

The appellee insists that this appeal has been prosecuted simply for delay, and asks that he be awarded ten per cent damages. We do not feel disposed to grant this request, but the judgment of the Appellate Court will be affirmed.                                            *Judgment affirmed.*